



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Troy Sharbowski, a minor,
and Gina Sharbowski,
jointly and severally,

    *Plantiffs,*

v.

Utica Community Schools,
Michigan Department of Education,
and (possibly/yet to be determined):
Jane Doe(s), John Doe(s),
jointly and severally,

    *Defendants,*

Case:2:14-cv-10216
Judge: Tarnow, Arthur J.
MJ: Grand, David R.
Filed: 01-17-2014 At 09:57 AM
CMP TROY SHARBOWSKI, ET AL V UTICA
COMMUNITY SCHOOLS, ET AL

---

# Re-filed Complaint
## "Mush"

Plaintiffs Gina Sharbowski and Troy Sharbowski previously filed this case

(Case# 2:11-cv-13092-PDB-LJM) which was ordered dismissed and RE-files this

Complaint in pro per and on behalf of her son Troy Sharbowski, a minor, against

Utica Community Schools, Michigan Department of Education, (and possibly/yet

to be determined): Jane Doe(s), John Doe(s), and respectfully states as follows:


Plaintiff's humbly respect the decisions and orders previously issued in the

past case from Honorable Borman, Honrable Michelson, (and ALJ Harris) but

would request that it be noted for the record that we do not understand them,

nor can decipher them in the same way that a judge or attorney can. Plaintiffs'

pg 1

have no clue how to proceed, and have limited financial resources, post Due

process order. Plaintiffs pray that your honor will continue reflect on that from

here on out and always take into consideration, and IF the plaintiffs are again

challenged by defendants and ultimately required to have another Due Process

hearing first before re-filing this case (we are unsure), that your honor

consider the following 4 reasons why plaintiffs believe this should case should

remain open, and allow this case to remain open to save money and time, while

at the same time plaintiffs will request a second due process hearing

simultaneously (if needed).

> a) the claims are brought by both the student and the parent, jointly and
> severally, and although the defendants successfully had the first case dismissed,
> it ultimately did not allow plaintiff parent to proceed with her claims, which do
> not require due process remedies first. The due process requirements are
> backwards, essentially the claims and violations are by both plaintiffs and the
> discrimination, retaliation, and the misguided and fraudulent use of using
> improper IEP forms, took place against the plaintiff parent first, prior to and
> throughout each due process hearing before each IEP was implemented. Each
> year, even before the due process hearing time frame. Then at the close of each
> IEP meeting, at the moment that year's IEP was implemented and went into
> effect, it then created the claims brought by the student. Therefore, students
> claims are both violations are in their own but which also result from the initial

pg 2

acts or violations against the parent, that happened first. It is duel discrimination. Duel violations. One could not occur without the other. The actions against the parent could not of taken place if the student did not have disabilities or the necessity for an IEP.

b) The defendants interfered with plaintiffs last due process hearing by requesting more specific claims. Plaintiff's attempted to have a Due Process hearing with the same issues stated in plaintiff's complaint as filed with this court, however Defendant UCS's legal counsel successfully restricted plaintiffs initial due process complaint (for unknown reasons) which hindered plaintiff's ability to have a fair Due Process hearing and address the same. Plaintiffs were (and continue to be) unrepresented and did not know the extent of defendants maneuver at the time, nor how it could effect the outcome of the hearing. Plaintiffs still wonder why or what he may of saw and/or what he was trying to restrict(?). A due process requirement for this case should be waived due to that interference.

c) Plaintiff's went into the first due process hearing without ever having done one before. We did not have the extra money to hire counsel and were unrepresented. We never in a million years wanted to be in this position and had never seen any examples of past due process paperwork before as opposing counsel has, and went into the hearing without any witnesses. Our request was that the hearing solely relied on the violated paperwork. Attached is copy of due

pg 3

process order (judge's copy only: everyone else already has a copy and parent requests that it not be attached on orig complaint in the case file). It speaks volumes. However it does not address the prior years' violations and discrimination before the two years it addressed. The due process requirement should be waived because the problems stem from violations and discrimination took place before the two year time frame the due process hearing order addressed.

d) Student is not properly represented. This is not my area of expertise, my attempting to represent Troy is not really working out for him. He has claims, and I have no clue how to proceed. (nor the extra money). I honestly believed your order of extending the two year statue of limitations trumped the 90 days since the U.S. District Court is a higher court than the Due process venue. I also had no idea how to proceed at that point, no idea if I was supposed to dispute the what the AJL ordered(?), agree with what she listed(?) or re-file refile the complaint exactly as is(?). But I thought since I had two years, and not a lot of extra money, that I had time to explore that. Then further challenges unfolded after the Due Process Hearing which took more time to address and defend (as noted in my past motion to reinstate the old case). Who knows, the district may have purposely created those challenges to interfere in my 90-day time frame that they knew I had, but I didn't. It was not brought to my attention until Feb 13' at our next IEP meeting, when the supervisor of special services mentioned that when conducting a brief unauthorized deposition. At that time,

the IEP meeting was being recorded by the district when she mentioned it at the end of the meeting, and I responded by saying that she was incorrect and that (I believed) that pursuant to your order, I had two years to re-file. (Note: I have yet to received a copy of that recording, which was supposed to have been provided a couple of weeks after the meeting).(I have since re-requested a copy a few times since, and still nothing). I then filed my motion in March 13' for assistance from the higher court, et al, after that meeting hoping you would re-open the case. Honestly your honor, I didn't even have enough time to fully read the final Due Process Order or understand it, nor understand why my claims couldn't survive in first case (see item "a" above). My intention is not to waste the courts time, for that if I have I truly apologize, to everyone. And If I say the same thing over, its because Im trying, but seriously I have no clue what Im doing. I am overwhelmed with parenting responsibilities and work responsibilities to have the extra time to try to understand better or research and find case law to properly list in the pleadings. I have also struggled with reoccurring depression for years due to this, which makes functioning day to day sometimes a challenge. There might not even be case law out there that would apply to this case, what then(?). And if there is, I don't understand the case law enough to know how use it. Im sure my past attempts to apply case law were probably humorous to read. Trying to understand the past responses, motions, reply's, reports and recommendations has literally made my brain go to mush. I just don't get it. Im a process server, not a lawyer. I've spent the last 23+yrs delivering court papers, not trying to understand them. So, if there is any loophole or possibility that a court appointed or court ordered attorney can assist

with this case, Troy should be allowed to have someone better suited to help him, instead of me. Look at violations listed in the Due process order. He has more or less been blamed and cited at school for numerous issues stemming from those violations, and his disability. And it is still uncertain if we were singled out and/or profiled, and these violations, discrimination and retaliation are only against us, -or- if it was done against a whole group of similarly disabled kids too. I've never read Troy's school file, but from what I've been told the file is several inches thick, so despite the districts violations, it has always been noted that everything is Troy's fault. If I hadn't of intervened with this first court case, or the past complaints, Troy would've been permanently suspended or expelled by now.

So, if the defendants again try to have this case dismissed (or try to label that as us trying to appeal), plaintiffs are not appealing the first case we just genuinely pray and request that your honor please consider all of the above. Plaintiffs' continue as follows;

As stated, plaintiffs are unsure if the original complaint must be filed exactly the same as it was originally filed, -or- if we can add to it(?). Therefore, If we cannot add to it, the Original complaint is listed below at the bottom, as is. If we CAN add to it, plaintiffs wish to incorporate all of the above and add the following to the original complaint; (not sure where, just in addition to and included prior to the orig complaint, and being incorporated throughout where each may also apply);

pg 6

1A.  As ordered Plaintiff's have exhausted the Due Process requirement as previously ordered by honorable Borman and are still at a legal disadvantage and unrepresented.

2B.  Without legal representation Plaintiff's continue to be at a significant disadvantage and are unable to understand court procedures, requirements, case law, or court rules in the same way defendants can who are gainfully represented by the best attorney's in the field and humbly re-request to be granted a court ordered attorney to assist.

3C.  Plaintiff parent is learning as she go's but does not fully understand what is meant by certain orders, what is expected in the replies or responses, and does not know the requirements and time lines at the time that they are due, and is only somewhat learning and understand after missing something and after it is being noted that she missed it in a subsequent response or order.

4D.  In the alternative to the above request (#2B), plaintiff's request immediate legal representation for TROY SHARBOWSKI, a minor, if possible who cannot be properly represented by a parent who does not have the same skill or legal expertise that defendant's currently have.

5E.  Defendant UCS was found to have made numerous violations against

plaintiff student through the Due Process hearing, even after the districts legal counsel successfully limited plaintiffs initial due process requests.

6F.  Plaintiff's attempted to have a Due Process hearing with the same issues as stated in plaintiff's complaint, as filed with this court, however Defendant UCS's legal counsel successfully restricted plaintiffs initial complaint (for unknown reasons) which hindered plaintiff's ability to have a fair Due Process hearing and address the same issues.

7G.  As a result Defendant UCS's legal counsels expertise, Plaintiff's Due Process Complaint was restricted for unknown reasons and plaintiff was not allowed to address all the concerns as listed in complaint, that ultimately 'result from' the numerous violations that were cited by the ALJ in the Due Process Order and Conclusion.

8H.  Plaintiff's are still unsure as to why UCS's counsel limited Plaintiff's Due Process Complaint(?).

9I.  Plaintiff's then attempted to file a Motion to open the first case trying to show the court that the defendants legal counsel interfered.

10J.  Plaintiff parent's portion of the first complaint was also dismissed for unknown reasons even though parents claims are separate from students and

pg 8

should not be subject to Due Process Exhaustion first.

11K. Plaintiff Parent's claims of discrimination, violations, etc., actually happened against the parent first before said violations could even occur against student (listed in the ALJ's Due Process Order), as the faulty paperwork had to be prepared with parent at an IEP meeting prior to each years implementation. Therefore, students claims are essentially violations which are in their own but also result from the initial acts or violations against the parent.

12L. Without legal representation plaintiff's have no clue how to know they missed something or even notice interferances (as noted above) at the time they happen or even shortly after, until it is mentioned in a order or response, or until they might realize and recognize them afterwards after the time frame to address it has passed. In that respect, plaintiff's are like a sitting duck without legal assistance.

13M. Plaintiffs' request that all of their past responses/objections from the first court case, which further explain and clarify the violations, discrimination, and retaliation be incorporated into this complaint. Including the fact that part of the discrimination from the defendants is the financial disadvantage we may have (or similarly situated students may have) compared to the district or the

state, to equally represent ourselves in a case like this.

14N.  Lastly, Plaintiffs' would request this honorable court also Order or declare the violations listed in the ALJ Due Process Order or as a separate claim, as an intentional form of Malpractice by the school district.  Educational Malpractice. And since it was intentional, First Degree Educational Malpractice (if applicable).

15O.  Plaintiffs' are willing and open to omitting or adding any content at the recommendation of the court to allow this case to proceed.

16P.  The original complaint is listed below as is:

(Original)
## Complaint

Plaintiff Gina Sharbowski files this Complaint in pro per and on behalf of her son Troy Sharbowski, a minor, against Utica Community Schools, Michigan Department of Education, (and possibly/yet to be determined): Jane Doe(s), John Doe(s), and respectfully states as follows:

1.  Plaintiff would like to start off by apologizing to your honor and the

court in advance for filing this case in pro per. She is not an attorney and in no way shape or form thinks she is qualified to do this and would much rather have an attorney handle it, however after attempting to contact several Education Law attorneys for representation (dozens) and not even getting a response back from majority of them, the general feedback from the ones who responded varied from: 1) they did not have time to handle a complex case of this nature, 2) reluctant to challenge/they did not want to go up against a school district that has access to unlimited funds for their defense and access to several attorneys, 3) they had conflicts of interest or circumstances that made it impossible to take this case, and 4) a couple of attorney's wanted a retainer upwards of $15,000 - $20,000 just to consider starting the case. Plaintiff's cannot afford to pay an attorney that amount of money in these bad economic times and read of a past Supreme Court ruling where parents who cannot afford an attorney due to deep rooted issues with schools over many years (like this) may file a case against the school district in pro per. Having said that though, if your honor at any time feels that Ordering the defendant district UCS to pay for an attorney for the Plaintiffs is appropriate for any reason, or would consider granting the plaintiffs a court appointed attorney (familiar in this area/at the same pay level as the def's attorney) to even the playing field, then by all means plaintiffs would humbly accept and would greatly be in support of that. On that note, if it is ok with the

pg 11

court Plaintiff would ask that the Request for the Defendant School District (UCS) to Pay for Plaintiffs Attorney Fees be a standing request.

2. Plaintiff Troy Sharbowski is a minor who is 9½ yrs old (as of this date) and is a student/has been attending Utica Community Schools since the age of 3½ yrs old. Plaintiff student has a physical or mental impairment that substantially limits one or more major life activities. Troy's qualifying disability on his current IEP is: MILD C.I. (determined by the school). Troy's past qualifying disabilities on past IEP's has been: Speech Delay and Developmental Delay. Troy's medical diagnosis is: Autism Spectrum Disorder (ASD) and a copy was provided to the school in Nov 09' and again in May 10'.

3. Plaintiff Gina Sharbowski is the mother of Troy Sharbowski.

4. The defendant Utica Community Schools (UCS) is a public school district in Macomb County, Michigan with its administrative offices located at 11303 Greendale, Sterling Heights, Michigan 48321.

5. The defendant Michigan Department of Education oversees all of the school districts throughout the state of Michigan and is believed to be located at 608 West Allegan, Hannah Building, P.O. Box 30008, Lansing, Michigan 48909.

pg 12

6. This court has jurisdiction over the parties.

7. Venue in the United States District Court, Eastern District of Michigan is proper.

8. This is a civil case seeking remedy, relief and damages against District UCS for Discrimination due to Disability under the Americans with Disabilities Act (ADA), and/or Section 504 of the Rehabilitation Act of 1973 (Section 504), and/or the Individuals with Disabilities Education Improvement Act of 2004 (IDEA), and/or the Family Educational Rights and Privacy Act of 1947 (FERPA), just to cover them all. Relief and damages are also sought against the Michigan Department of Education for failing to properly handle complaints filed by plaintiff, stemming from these issues.

9. The cause or reason behind the Disability Discrimination is unknown at this point but may be the result of the district misusing federal funds and/or misallocating federal funds into proper programs(?). Specifically the defendant district UCS does not provide Extended School Year Services (ESY) to any student in the population of students with disabilities enrolled in the district. (over3000+). Not one student. Pursuant to IDEA; Each public agency shall ensure that Extended Shool Year Services are available as necessary to provide FAPE, consistent with paragraph (a)(2) of section 300.309.

pg 13

10.  Plaintiff is entitled to a Free and Public Education (FAPE) and to receive services appropriate to meet his needs. Plaintiff is also entitled to be free of discrimination based on disability under Section 504

11.  Defendant district UCS receives federal financial assistance.

12.  By the defendant district UCS failing to provide ESY services to any student in the district plaintiff student is not being honestly assessed for ESY services,

13.  By failing to provide ESY services to any student in the district UCS habitually labels all students as "not qualified" to receive those services when the actual reason for denial is due to the districts policy of not providing those services to any student.

14.  Defendant district UCS has routinely labeled plaintiff student as "not qualified" to receive ESY services,

15.  By failing to provide ESY services to any student in the district the district is denying plaintiff student (and the other children) the right to be "honestly" assessed for ESY services.

16.  Defendant district UCS has failed to "honestly" assess plaintiff student

pg 14

for ESY services since his enrollment in the district began at the age of 3½.

17.  By failing to provide ESY services to any student in the district, plaintiff student has been denied those services each year and regresses each summer.

18.  Plaintiff students regression each summer has had an impact on his reentry into school each fall and has cause great difficulty, as a result behavior issues develop (more frequently from September through December), with the past school year being the worst.

19.  With the continued regression each summer plaintiff is falling further behind and is significantly behind his peers academically,

20.  Plaintiff has requested the defendant district UCS to place student into another program that does provide ESY services (most recently on 3-2-11), however defendant district has ignored that request and not responded.

21.  Plaintiff has requested the defendant district UCS for placement into a private program however district denied my request by responding with a Prior Written Notice (PWN), (then further lied on the PWN about reports that did not exist).

22.  Defendant district UCS has failed to provide a PWN regarding my

request to place student into another program that does provide ESY services.

23.  Plaintiff requests to use this case as a means to re-request placement of student into another program that does provide ESY services, or for approval of private placement if another program is not available or not appropriate for student.

24.  Plaintiff requests help from the court to enforce the above request (on line 23).

25.  Although the district finally developed a Behavior Intervention Plan(BIP) for the plaintiff student approx two years ago (after several requests from parent), the district is now lying on the BIP and is failing to list or correctly identify the reason/cause/trigger prior to each behavior incident (so that there is no correlation to his ASD), making it impossible to create an effective BIP that works.

26.  Defendant district UCS has worded the BIP in such a way to not include parents input on the BIP or include parent when changes are made on the BIP.

27.  Plaintiff has attempted to alert the MI Department of Education of the district UCS's unethical behavior by alerting them by way of a complaint.

28.  Plaintiff also attempted to have the Oct 10' BIP added to plaintiff

pg 16

students IEP by requesting an IEP specifically for that purpose but that request was rejected by the supervisor from special services who routinely attended plaintiff's IEP meetings.

29. The defendant UCS is retaliating against plaintiffs for attempting to blow the whistle on them,

30. The district is failing to not properly identifying the root or cause of the behavior issues and/or identifying them as being part of his disability (ASD) and has created comments and reports that incorrectly identify students bad behaviors or as just being a bad student who doesn't follow the rules.

31. The district likely avoids properly identifying the root or cause of the behavior issues associated with ASD as a way of not having to create IEP goals for those issues,

32. By not having the correct goals on the IEP, the district avoids having to address those goals by way of ESY services,

33. By not properly identifying the root or cause of students bad behaviors, and by not providing ESY services to make the transition back into school more successful each fall all of the plaintiffs needs are not being met and the behavior issues are not being properly addressed,

pg 17

34. Plaintiff's behavior problems are worsening and are a result of his current placement.

35. Plaintiff's behavior problems are also associated with his level of ability and or mental age and will only worsen if his needs are not appropriately met,

36. Plaintiff is easily frustrated and unable to control his reactions as a result of his level of ability and or mental age,

37. Plaintiff students disability is such that he requires constant supervision, cues, and redirection throughout the day.

38. Plaintiff student is not receiving constant supervision, cues and redirection at a level he needs throughout the day which makes him interact poorly with other students and contributes to his behavior issues.

39. Plaintiff student cannot appropriately interact with his peers as a result of his diagnosed disability ASD and the problems arise when he does not receive constant supervision, cues and redirection in all settings throughout the day.

40. Plaintiff student can be easily coaxed into doing or saying things (that will get him in trouble) as a result of his disability and by not receiving the correct supervision, cues and redirection it leads to bad behaviors. Example: this year

plaintiff came home several times stating that his peers told him to kiss another

(female) student or to hit another student. Student cannot differentiate the act

of coaxing or coercion and routinely does what others tell him to do as a result of

his disability.

41.  Students behavior issues were arising more often when student was

out of his class/away from his teacher/aide/parapro and on the playground, at

lunch, or in music class, gym class, or media center, etc., (where those teachers,

personnel and aids are not Autism Certified and the student was not receiving

constant supervision, cues and redirection), however after I pointed that out on

several occasions, the district then began to stop reporting it that way, and began

reporting the behaviors issues that were happening in the classroom after the

behaviors began in another setting.

42.  Students bad behaviors are the result of this placement and all of his

needs not being appropriately met.

43.  District is routinely engaging in administrative neglect and procedural

misconduct by failing to meet all of students needs and inaccurately identifying the

cause or trigger of each behavior issue,

44.  Defendant district UCS is failing/refusing to acknowledge or admit that

this placement is the reason for or the cause of the ongoing behavior issues at school.

45. Defendant district UCS is not properly identifying the behavior issues and incorrectly identifying plaintiff as a bad student and plaintiff student is receiving conduct referrals and suspensions for behaviors related to his disability. This past year has been his worst and he was almost at the point of being expelled and/or relocated into an alternative program placement.

46.  Defendant district UCS's acts of administrative neglect and/or procedural misconduct, retaliation, and failure to provide ESY services to any student in the district (as described above) have created due process issues,

47.  Defendant district UCS's acts of administrative neglect and/or procedural misconduct, retaliation, and failure to provide ESY services to any student in the district (as described above) have caused plaintiff student to not be properly educated for over 6 years.

48.  The defendant UCS chose this placement for plaintiff/student.

49. Districts refusal to correct their placement decision.

50. Over the last 3 yrs, each of students past three principals have told

pg 20

parent that some of his behaviors have been directed at school personnel and that they were "doing me a favor" by not reporting the attacks to the police and not having him charged for assault.

51. The defendant UCS receives additional funding for special needs students, much more than the non-special needs students,

52. Plaintiff has requested several times that the district correct their placement decision.

53. The defendant UCS refuses to correct their placement decision or honor plaintiffs request to be placed in a program that does provide ESY services pursuant to the provisions of FAPE.

54. Without ESY services plaintiff student will likely fail in this placement and will be expelled or placed in an alternative setting.

55. The defendant UCS has a duty and obligation to be honest and truthful to all parents & students and has failed to do so. The district is not being honest & truthful by failing to correct their own placement decision. Placement seems to only change if initiated by parents or the student fails and is relocated due to behavior issues.

56. Defendant UCS has a duty and obligation to be honest & truthful by correcting their own placement decision. This may raise the issue of a federal question.

57. Plaintiff requests to use this case as a means to re-request District UCS to correct their placement decision before student fails in this placement.

58. Plaintiff requests help from the court to enforce the above request (on line 48).

59. The above acts constitute disability discrimination under section 504, ADA, IDEA, and FERPA. The above acts then opened the door for other acts of discrimination, harassment, retaliation to occur against the plaintiffs as well, including:

> A) Acting as Parents Advocate: Plaintiffs first IEP team began helping parent with IEP meetings and told parent she did not need an advocate. Parent believed that to be truthful and interpreted that as the role of the IEP teams. Subsequent IEP teams also helped parent but failed to disclose (lied about) what documentation was needed for student to be moved/qualify for the County Autism Program at the time he was non-verbal and would have qualified (student was non-verbal until the age of 5½),

B) <u>Using the wrong forms</u>: On more than one occasion District UCS used old outdated IEP forms at our meetings that did not list ESY services on the form,

C) <u>Failing to Discuss or Disclose</u>: Extended School Year (ESY) services were never mentioned or discussed during the first 3 to 4 IEP meetings. Plaintiff was unaware of the requirement to discuss that topic at that time. It was only at the parents urging to discuss ESY services that the District UCS addresses that topic and denied those services.

D) <u>Listing incorrect scores</u>: District failed to list the correct level of: academic achievement, functional performance, and testing scores on evaluations and early IEP's. The districts levels were higher compared to scores listed on an evaluation that was obtained & paid for by parent off site. District then refused parents request to list BOTH sets of scores (from District & parents evaluation) on IEP for comparison purposes.

E) <u>Not listing correct level of Self Help Skills needed</u>: District routinely failed to correctly list the level Self Help Skills plaintiff needed on past evaluations and IEP's.

pg 23

F) <u>Refusing to list Parents Objection</u>: District refused to list my

objection on the 12-15-10 IEP <u>and</u> the 12-15-10 IEP regarding

LEAST RESTRICTIVE ENVIRONMENT/Non-Academic and Extra

Curricular Activities, (the non-academic and extra curricular

activities parent cited to be listed:  Saturday Scholars, Before

or After School Child Care, Summer Child Care (<– because

they cannot meet his needs), and he was not allowed to

go on a Field Trip with his class and two other classes as a

punishment for an alleged behavior issue (where the cause again

was not properly identified)),

G) <u>Discrimination/Harassment by Bus Driver</u>: One year plaintiff

student was coerced by the bus driver into sitting in the very last

seat on the bus for most of the year, where on several occasions

he came home asleep or dripping with sweat (as a result of a

heater blower being aimed at the very last seat). (fyi: this

stopped shortly after I realized what was going on and the

district received my complaint filed with the MI Dept of Civil

Rights),

H) <u>Discrimination and Failing to Provide Services</u>: In 2010 the

pg 24

Summer Child Care Program expelled plaintiff after only 3 weeks due to behavior issues that developed after the program failed to meet his needs by implementing or providing the services listed on his IEP or BIP, (the program was advertised by the district as being available to all students enrolled in the district and listed the "non-discrimination" clause)

I) District UCS has Failed to assess student of all areas of suspected Disabilities (and Diagnosed Disability),

J) Lying: The District/Special Services Supervisor implemented the wrong IEP after she told me (via email) that she would implement the other one/correct IEP when school resumed in September (reason: there were two IEP meetings held (one w/o parent or parents consent) and the IEP was not completed prior to summer break),

K) Lying on a PWN: District stated on a PWN that the basis for denial was due to two reports resulting from observations. However, parent never received a copy of either report and it was uncovered through a FOIA request that the reports did not exist when the PWN was signed.

L) Retaliation: District UCS altered the content on a BIP (Behavior

Intervention Plan) immediately after plaintiff requested an

IEP to specifically have the BIP added the IEP, (the meeting

ended in disagreement which was orchestrated by the supervisor

from Special Services, where then the BIP was immediately

changed or altered after the meeting ended in disagreement),

M) Altering Forms: In the spring of 2010 district UCS provided parent

with Questionnaire forms such as Vineland II, etc. (for Evaluation

purposes) that were to be filled out by parent, however ½ of the

form was already filled out by the school psychologist,

N) Failing to List correct level of Self Care/Self Help Skills: District

routinely provided more supports to plaintiff (under the table) than

what were being listed on the IEP's,

O) Violating our Privacy Rights: (the extent of this is not

known yet),

60.  The above instances have not only caused distress and conflict, many of

the above acts have directly impacted plaintiffs rights to receive services appropriate

to meet his needs,

61.  Since defendant district help parent with IEP matters in the beginning and diverted her from obtaining an advocate from the start, district should have to continue to advocate parent, but in an honest & truthful way and be responsible correct any problems that act may have caused, (this may also raise a federal question)

62.  Defendant district UCS listed on the above mentioned PWN that student currently does not qualify for the County Autism Program because his disability is no longer severe enough. On the same PWN district lied about reports (that did not exist) as the reason for the denial.

63.  Defendant district UCS has a duty and obligation to always be honest and truthful to parents. Plaintiffs believed that the district and IEP team(s) would always be honest and truthful,

64.  Defendant district UCS stopped helping plaintiff through IEP's and has been encouraging Plaintiff to contact an Advocate in retaliation to plaintiffs complaints. District has went so far as contacting two advocates for plaintiff (without plaintiff asking),

65.  The due process issues are a result of the District UCS administrative

and/or procedural misconduct of failing to disclose what documentation was needed from parent to properly enroll student into County Autism Program and constitutes Disability Discrimination. Seeking assistance from an outside Advocate now would be pointless since: 1) district UCS does not provide ESY services to any student and 2) district has stated that plaintiff student no longer qualifies for placement in the County Autism Program (on the last PWN),

66.  Defendant District UCS failed to provide parent with all information relevant to his education,

67.  One of Plaintiff students past teacher's finally disclosed the correct information needed (by accident?) to enter the County Autism Program to the plaintiff one year after the student was evaluated and would have qualified (with proper documentation).

68.  Plaintiff has since requested and re-requested that district UCS correct their placement decision.

69.  The defendant UCS's intentional interference has obstructed plaintiffs ability to enroll student into the County Autism Program and deprived student of that service at the time he would have qualified,

70.  Plaintiffs cannot recoup the regression that is lost each summer,

pg 28

71. Plaintiffs cannot recoup lost services of county Autism Program that student once qualified for,

72. Student has forever lost the opportunity to see if the county Autism Program would have met his needs better and been more beneficial to him,

73. Defendant UCS listed on PWN that only the county programs have ESY services but that student no longer qualifies,

74. Defendant UCS should be complying with federal laws and providing ESY services,

75. A FAPE should not include anyone having to go through all of the instances that we have gone through (listed above), nor struggle to obtain services that are guaranteed by law. Plaintiff should also not have to spend money for an attorney to file a case like this to defend our rights to be treated in an fair and honest way and to receive appropriate services. Having to pay an attorney to file a case like this would not make it a Free And Public Education and therefore violate the provisions of FAPE. I cannot even begin to describe how mentally exhausting or how much is taken out of you to have to respond and address all of the above instances. Each instance has required multiple phone calls, emails and meetings. They have been beyond time consuming and have literally drained me, caused

pg 29

distress, loss of sleep, depression, caused me to miss time from work (which is already a reduced working schedule to accommodate my children's school schedule), and have damaged the relationship between plaintiff(s) and defendants. In a way I almost feel like Troy and I are being provoked (or "bullied" is a good word) by the district(?), maybe in an effort to get a negative response so they can then use the negative responses against us(?). I don't know. The above acts and instances constitute discrimination against a disabled child and violate federal laws (Section 504, ADA and IDEA). The above acts have only been aimed against/directed towards me and my younger son Troy. My older son who is also a student in the school district UCS, is 1½ yrs older, an all A honor roll student, and does not have a disability has not experienced any of the above issues. And we have not been treated this way.

76. Plaintiff's notified and sought assistance from Defendant MI Department of Education (Office of Special Education and Early Intervention Services), via complaints filed against District UCS,

77. Defendant MI Department of Education maintains a commitment/ promise that they are compliant with federal laws,

78. Defendant MI Department of Education based their decisions on responses from the district and did not thoroughly investigate the matters,

pg 30

which resulted in the dismissal of all but one part of one complaint: regarding the use of old outdated IEP forms that were not listing ESY services.

79. Defendant MI Dept of Education cited the district for using old outdated forms and the District UCS responded by promising they would use correct forms,

80. Defendant MI Dept of Education did nothing about the Districts failure to provide ESY services to any student pursuant to federal law, and did not cite them for noncompliance, took no disciplinary action against them, nor did they enforce them to comply,

81. Defendant MI Dept of Education oversees all of the districts in the state and should make sure each district complies with federal law,

82. After the District UCS promised to use updated IEP forms, I found at our next IEP meeting that the District UCS had changed the IEP form to include the wording about ESY services, but again did not honestly assess plaintiff for ESY services. The decision was again based on fact that they do not provide those services to any student, and no one is making them comply with federal law. I also found that district changed the part of IEP form regarding: Least Restrictive Environment, to exclude the parents ability to agree, disagree, or list comments.

83.  Note: A Copy of any item referred to in this complaint can be produced upon request and a copy or example of students current school work (which is approx at the level of a first grader) can be produced upon request.  Parent also has an 18-gallon rubbermaid bin for each past year, containing any and all school work brought home since plaintiff student has been enrolled in school. Also, any item will be further clarified upon request.


Wherefore plaintiffs asks the court to recognize both defendants conduct was and is wrongful and in conscious disregard of the rights of the plaintiffs and the failure to provide services required by federal and state law is disability discrimination and has resulted in possible permanent damage to the students academic, physical and social/emotional well being. Wherefore plaintiffs also ask the court to recognize all of the defendant district UCS acts and omissions as a separate count for each item (listed above) and that they have impaired plaintiffs ability to function at a level he could have reasonable functioned at, and as a result of all of the above defendant district UCS has failed to appropriately educated student for over 6 years. Wherefore plaintiffs respectfully request a judgment and relief against the defendants for damages (in all areas of damages), including emotional distress, to order and enforce all requests mentioned in the complaint,

pg 32

and for any other relief this honorable court feels is satisfactory and appropriate.

Dated:  July 15, 2011                    Respectfully submitted.
Re-Dated:  January 13, 2014        Respectfully re-submitted.


Mrs. Gina Sharbowski, *pro per*
and c/o Troy Sharbowski.
42309 Bobjean Street
Sterling Heights, MI 48314
(248) 703-5302 (cell) <---(new number)
Fax: (586) 731-5688
e-mail: AGLSprocess@aol.com

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

County in which action arose  MACOMB

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Troy Sharbowski, a minor, and Gina Sharbowski, jointly and severally

**(b)** County of Residence of First Listed Plaintiff   MACOMB
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

none / pro per
42309 Bobjean Street, Sterling Heights, MI 48314
(586) 731-9922   email: AGLSprocess@aol.com

## DEFENDANTS
Utica Community Schools;  Michigan Department of Education;
Doe(s)

County of Residence of First Listed Defendant   MACOMB
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Att   Case:2:14-cv-10216
Judge: Tarnow, Arthur J.
MJ: Grand, David R
Filed: 01-17-2014 At 09:57 AM
CMP TROY SHARBOWSKI, ET AL V UTICA
COMMUNITY SCHOOLS, ET AL

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 2   U.S. Government Defendant
- ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZE... *(For Div...)*

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | | ❏ 790 Other Labor Litigation | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 791 Employee Retirement Income Security Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
(unsure what to list):  29 USC 794  Discrimination; (& Personal Injury?) (could also be: 20 USC 1400?)

Brief description of cause:
(unsure what to list): Discrimination based on Disability;  Education;  Civil Rights;  Retaliation;  Malpractice

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   BORMAN   DOCKET NUMBER   2:11-cv-13092

DATE
January 16, 2014

SIGNATURE OF ATTORNEY OF RECORD   Plaintiff   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #             AMOUNT             APPLYING IFP             JUDGE             MAG. JUDGE

# PURSUANT TO LOCAL RULE 83.11

1.    Is this a case that has been previously dismissed?

☒ Yes
☐ No

If yes, give the following information:

Court: ___U.S District Court, Eastern Dist of MI;___

Case No.: ___2:11-cv-13092___

Judge: ___Paul D. Borman___

2.    Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☒ Yes
☐ No

If yes, give the following information:

Court: ___Due Process / MI Admin Hearing System___

Case No.: ___Due Process #12-000175-ED / SEH 12-7___

Judge: ___Administrative Law Judge Susanne E. Harris___

Notes : (Plaintiff's continue to be unrepresented and are unsure if this form is correctly filled out).

# New Lawsuit Check List

Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

☒ Two (2) completed **Civil Cover Sheets.**

☒ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

3 + 2 = 5 **Complaints.**
# of Defendants     Total

Received by Clerk: _____ Addresses are complete: _____

> Case: 2:14-cv-10216
> Judge: Tarnow, Arthur J.
> MJ: Grand, David R.
> Filed: 01-17-2014 At 09:57 AM
> CMP TROY SHARBOWSKI, ET AL V UTICA
> COMMUNITY SCHOOLS, ET AL

☐ If any of your defendants are **government agencies:**
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| If Paying The Filing Fee: | If Asking That The Filing Fee Be Waived: |
|---|---|
| ☒ Current new civil action filing fee is attached. | ☐ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs forms.** |
| Fees may be paid by check or money order made out to: | |
| *Clerk, U.S. District Court* | |
| Received by Clerk: _____ Receipt #: 063678 | Received by Clerk: _____ |

## Select the Method of Service you will employ to notify your defendants:

| Service via Summons by Self | Service by U.S. Marshal (Only available if fee is waived) | Service via Waiver of Summons (U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address. | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☐ Two (2) completed **Request for Service by U.S. Marshal form.** | ☒ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |
| Received by Clerk: _____ | Received by Clerk: _____ | |

### Clerk's Office Use Only

Note any deficiencies here:

Rev. 4/13