UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.S., a minor,
and GINA SHARBOWSKI,

    Plaintiffs,                                      Case No. 14-10216

v.                                                  Paul D. Borman
                                                  United States District Judge

UTICA COMMUNITY SCHOOLS,
MICHIGAN DEPARTMENT OF
EDUCATION,

    Defendants.
_____/

OPINION AND ORDER
(1) GRANTING DEFENDANT MICHIGAN DEPARTMENT OF EDUCATION'S
MOTION TO DISMISS (ECF NO. 10);
(2) GRANTING IN PART UTICA COMMUNITY SCHOOLS'
MOTION TO DISMISS (ECF NO. 15);
(3) STAYING THIS ACTION AGAINST UTICA COMMUNITY SCHOOLS TO
PERMIT PLAINTIFFS TO COMPLETE EXHAUSTION OF ADMINISTRATIVE
REMEDIES
AND TIMELY RETURN TO THIS COURT; AND
(4) PERMITTING PLAINTIFFS TO FILE A TIMELY AMENDED COMPLAINT
AGAINST UTICA COMMUNITY SCHOOLS AS A TIMELY APPEAL OF ALJ
SAUNDERS'S DISMISSAL OF PLAINTIFFS' DUE PROCESS COMPLAINT

Before the Court are Defendant Utica Community Schools ("Utica") and Michigan

Department of Education's ("MDE") Motions to Dismiss. (ECF Nos. 10, 15.) Plaintiffs

filed a Response (ECF No. 32) and Defendants filed Replies (ECF Nos. 33, 34.) The Court

held a hearing on April 8, 2015. For the reasons that follow, the Court (1) GRANTS the

1

MDE's motion to dismiss and DISMISSES Plaintiffs' Complaint against the MDE WITH PREJUDICE, (2) GRANTS IN PART Utica's motion to dismiss, (3) STAYS this action against Utica until May 6, 2015, or until the date on which Plaintiffs' right to timely appeal ALJ Saunders's dismissal of Plaintiffs' due process complaint expires and (4) GRANTS PLAINTIFFS LEAVE to file an Amended Complaint against Utica for the purpose of timely appealing ALJ Saunders's dismissal of Plaintiffs' due process complaint.

**INTRODUCTION**

Defendants Utica and the MDE's long-pending motions to dismiss Plaintiffs' Complaint, based on statute of limitations and failure to exhaust administrative remedies, have been held in abeyance pending the Court's appointment of counsel for Plaintiffs and the parties efforts to arrive at a negotiated settlement of the case. After the appointment of counsel for Ms. Sharbowski and her minor son T.S. (ECF No. 23), and the efforts of an outside mediator to try to bring closure to the matter, the parties have been unable to agree to a resolution. Accordingly, the Court re-noticed Defendants' motions to dismiss, and permitted Plaintiffs' appointed counsel to file a response to the motions and also permitted the Defendants to file replies to Plaintiffs' response.

**I.    BACKGROUND**

On July 18, 2011, Plaintiffs Gina Sharbowski and her minor child T.S. filed a complaint in a case previously assigned to this Court, *T.S. and Gina Sharbowski v. Utica Community Schools, et al.*, No. 11-13092 (*Sharbowski I*). Plaintiffs claimed in that previously-filed case that Utica had improperly addressed T.S.'s special education needs,

denying him a "free appropriate public education" (FAPE) and brought suit pursuant to the Americans With Disabilities Act (ADA), the Individuals with Disabilities Education Improvement Act (IDEA) and Family Educational Rights and Privacy Act of 1947 (FERPA). In that case, on April 18, 2012, this Court adopted the Report and Recommendation of Magistrate Judge, now District Judge, Laurie Michelson, recommending that Plaintiffs' case be dismissed without prejudice for failure to properly exhaust administrative remedies. (*Sharbowski I*, ECF No. 34, Order Adopting Report and Recommendation, ECF No. 32, Report and Recommendation.) In dismissing the case, the Court followed Magistrate Judge Michelson's recommendation to stay the two-year statute of limitations under 34 C.F.R. § 300.507 to permit Plaintiffs to re-file that case within 90 calendar days from the date of the decision of the ALJ in any future due process proceeding. (*Id*. at 9 n.4.) In granting the dismissal without prejudice, the Court denied Plaintiffs' request to stay the case rather than dismiss but did indicate that it would consider an application to proceed *in forma pauperis* at the time of any future filing. (*Id*. at 2 n.2.)

Plaintiffs did not appeal the Court's dismissal of *Sharbowski I* and did proceed to administratively address their claims, which resulted in a decision in favor of the Plaintiffs issued by ALJ Susanne E. Harris on July 23, 2012. The essence of Plaintiffs' claim was that T.S. should have been classified as eligible for special education as a student with Autism Spectrum Disorder (ASD), not as a student who was only Mildly Cognitively Impaired. The ALJ (in a 45-page Opinion that was filed with this Court under seal) concluded that Utica had denied T.S. a FAPE, citing numerous failings on the part of Utica with regard to the

3

"individualized education program" ("IEP") for T.S., and ordered Utica to adopt a host of remedial measures. The ALJ issued several corrective action orders to the Defendant school district and required the school district to file proof of compliance with her Opinion and Orders. On or about June 11, 2013, the MDE determined that Utica was in compliance with ALJ Harris's July 23, 2012 Order.

Almost eight months after receiving the ALJ's decision, on March 11, 2013, the Plaintiffs filed, in the then-closed *Sharbowski I,* what was interpreted by Magistrate Judge Michelson as a Motion for Relief From Judgment in the previously-dismissed case, No. 11-13092. (*Sharbowski I*, ECF No. 35, 3/11/2013 "Motion for Assistance from Higher Court to Address Ongoing Issues Post Due Process Hearing"). Plaintiffs complained that the Defendant school district had failed to comply with the ALJ's orders and stated that they needed the assistance of an attorney, that they did not understand the process and that they did not believe they qualified for *in forma pauperis* status but nor could they afford to refile their case as instructed by this Court in its earlier dismissal of the case without prejudice.

Judge Michelson interpreted the motion as one for relief from judgment and recommended that this Court deny the motion because Plaintiffs in fact prevailed in the administrative proceeding and appeared to be challenging not the outcome of that proceeding but the school district's failure to implement the ALJ's orders. The Magistrate Judge noted that if Plaintiffs had been challenging the decision of the ALJ, their motion, which came 232 days after the ruling, was time-barred by the 90-day limitation period imposed by the Court in dismissing the case previously. (*Sharbowski I*, ECF No. 40, Report and Recommendation

4

at 7 n. 2.) The Magistrate Judge concluded that the remedy for Plaintiffs' challenge to the school district's non-compliance was to participate in the state complaint resolution procedure ("CRP") found in 34 C.F.R. § 300.151, *et seq.*. (*Id.* at 7.) The Report and Recommendation outlined in great detail the process that Plaintiffs were required to follow to challenge the school district's failure to implement the ALJ's instructions. Over Plaintiffs' Objection (*Sharbowski I*, ECF No. 41, Objection), which failed to cite any specific objection to the Report and Recommendation and largely complained that Plaintiffs needed the assistance of counsel, this Court adopted the Magistrate Judge's Report and Recommendation and denied the motion for relief from judgment. (*Sharbowski I*, ECF No. 42.) Again, Plaintiffs did not appeal this Court's ruling.

On January 17, 2014, Plaintiffs filed a new case, No. 14-cv-10216 (*Sharbowski II*), that is presently before the Court. The Complaint in this case, titled "Re-Filed Complaint," is a restatement of the claims asserted in *Sharbowski I*. In fact, in *Sharbowski II* Plaintiffs attach and incorporate the complaint from *Sharbowski I*. The Complaint in *Sharbowski II* expresses Plaintiffs' continued frustration with the process of administrative exhaustion and complains that Plaintiffs are adrift without the assistance of competent counsel, which they assert they cannot find or afford.

Recognizing that ALJ Harris's July 23, 2012 Opinion had noted certain failings on the part of Utica with respect to T.S.'s educational needs, the Court appointed pro bono counsel for Plaintiffs with the hope that with the proper guidance, the Plaintiffs would be able to better understand and see their way through the administrative exhaustion requirements that

must precede any action in this Court. To their credit Defendants, despite their legally well-founded pending motions to dismiss, were in agreement that appointment of counsel for the Plaintiffs could help to move the case along to a fair and equitable resolution. On July 24, 2014, the Court assigned counsel, James E. Stewart of the Honigman, Miller firm, to represent Plaintiffs pro bono in this action. (ECF No. 23, Order of Assignment of Counsel.) The Court then directed the parties to participate in facilitation, under the guidance of Dr. Carla Harting, in an effort to resolve certain issues regarding the current educational placement of T.S. The parties met with Dr. Harting on two separate occasions and subsequently, at a status conference held before this Court on October 31, 2014, announced to the Court that they had reached a tentative agreement regarding the proper placement for T.S. for the current school year.

Despite what appeared to the Court to be good faith efforts on both sides to reach agreement on an acceptable plan for T.S. for the current school year, Plaintiffs were unwilling to agree to dismiss the claims in this action against Utica and the MDE based upon that agreement because Plaintiffs were of the opinion that Utica should be ordered to bear the cost of a private educational placement for T.S. as compensation for the past wrongs committed by prior administrations that were acknowledged in ALJ Harris's July 23, 2012 Opinion. Notably, while ALJ Harris did conclude that Utica had denied T.S. a FAPE, citing numerous failings on the part of Utica with regard to T.S.'s IEP, and ordered Utica to adopt numerous remedial measures, she did not order private placement of T.S. at that time.

This Court invited briefing on the issue of Plaintiffs' request that this Court order private placement for T.S. Following briefing, the Court concluded, particularly in view of the new due process Complaint that Plaintiffs had filed on July 23, 2014 that remains pending before Administrative Law Judge Christopher Saunders of the Michigan Administrative Hearing System, that this Court was without jurisdiction to consider/order private placement for T.S. at this time in this action. (*Sharbowski II*, ECF No. 31, Order Regarding Plaintiffs' Request for Private Placement of T.S.)

The hearing before ALJ Saunders has now taken place and the Court is informed that ALJ Saunders dismissed Plaintiffs' due process complaint in its entirety. Plaintiffs have indicated that they intend to appeal ALJ Saunders's Order to this Court, which Utica agrees that Plaintiffs have the right to do provided they do so within 90-days of the date of ALJ Saunders's final decision. But, as discussed *infra*, such an appeal would be a separate action, distinct from the claims stated in *Sharbowski I* and *Sharbowski II*.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions

masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to

sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969). While a "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), still under even this lenient standard *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The leniency granted to *pro se* plaintiffs "does not require a court to conjure allegations on a litigant's behalf." *Id*. at 714 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

**III.     ANALYSIS**

In their Response to Defendants' motions to dismiss, Plaintiffs now concede that Magistrate Judge Michelson's Report and Recommendation in *Sharbowski I* correctly concluded that Plaintiffs failed to timely appeal ALJ Harris's July 23, 2012 Opinion. (ECF No. 32, Pls.' Resp. 1.) The bulk of the Response is then directed to challenging ALJ Saunders's August 27, 2014 Decision, which Plaintiffs state they intend to appeal to this Court "once the ALJ releases a final decision and order."     Plaintiffs' refer to the procedural hurdles they have faced as a "cup trick, now you see it now you don't." (ECF No. 32 at 2.) While the Court appreciates the frustration Plaintiffs have expressed, this is the nature of a challenge under the IDEA, which contains explicit administrative exhaustion requirements. In Plaintiffs' case, these requirements were explicitly detailed by the Court in *Sharbowski I*, where the Court set forth a road map of the steps that had to be taken to administratively perfect their claims for presentation to this Court. In addition, the Court has been extremely patient and accommodating in this case, *Sharbowski II*, as have the Defendants, in allowing for facilitation to proceed in this matter so that T.S.'s current school year IEP could be addressed. Those efforts having failed to resolve this action to Plaintiffs' satisfaction, the Defendants now justifiably seek a ruling on their long-pending motions to dismiss.

Having reviewed the motions and the responses and replies, the Court concludes that the issues raised in the Complaint in this action, which merely restate the allegations already rejected by the Court in *Sharbowski I*, are either time barred under the IDEA 2-year statute

of limitations or the 90-day filing period permitted under that statute, or have not been administratively exhausted, as explained in great detail by this Court in *Sharbowski I*, and as reiterated *supra*. In agreement with this conclusion, Plaintiffs' counsel stipulated on the record, at the April 8, 2015 hearing, to dismiss with prejudice the claims against the MDE and to dismiss as to Utica the claims as stated in the original Complaint in this action, preserving the right to appeal Judge Saunders's dismissal of Plaintiffs' due process complaint against Utica and to file a claim based on 42 U.S.C. § 1983.

Accordingly, the Court (1) GRANTS the MDE's motion to dismiss (ECF No. 10) and DISMISSES the MDE from this action WITH PREJUDICE;[1] (2) GRANTS IN PART Utica's motion to dismiss (ECF No. 15) and DISMISSES WITH PREJUDICE Plaintiffs' time-barred and unexhausted claims stated in the original Complaint in this action against Utica; (3) DENIES Utica's motion to dismiss those claims against Utica which have not been fully exhausted but are the subject of the due process complaint currently pending before, or recently decided by, ALJ Saunders, (4) STAYS this matter against Utica until May 6, 2015, or until such date as Plaintiffs' right to timely appeal ALJ Saunders' dismissal of Plaintiffs' due process complaint expires, and (5) PERMITS Plaintiffs to file an Amended Complaint against Utica within such time as Plaintiffs may timely appeal ALJ Saunders's dismissal of their due process complaint. Any Amended Complaint that is untimely or does not strictly

---

[1] Plaintiffs' Response does not address the MDE's motion to dismiss and in fact does not mention the MDE at all. However, Plaintiffs' counsel conceded on the record at the April 8, 2015, hearing that Plaintiffs no longer seek to pursue this action against the MDE.

comply with the terms of this Order will be stricken and this action will be dismissed.[2]

IT IS SO ORDERED.

           s/Paul D. Borman
           PAUL D. BORMAN
           UNITED STATES DISTRICT JUDGE

Dated: April 10, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 10, 2015.

           s/Deborah Tofil
           Case Manager

---

[2] In their response, Plaintiffs assert that they "have § 1983 claims independent of IDEA." (ECF No. 32, Pls.' Resp. at 11-12.) No such claims were pled in Plaintiffs' Complaint in this action. The Court declines to address this argument and takes no position on the viability of such a claim going forward.