IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.S., a minor,
and GINA SHARBOWSKI,

      Plaintiffs,                Civil Action No. 2:14-cv-10216

v.                                 District Judge Paul D. Borman

UTICA COMMUNITY SCHOOLS, *et al*.,

      Defendants.

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

16599873.11

## PRELIMINARY STATEMENT

Plaintiff s complaint against Defendants as follows:

## NATURE OF THE CASE

1.  This is an action seeking a declaration that Defendants deprived Plaintiffs of their rights to a free public education and a review and reversal of the August 27, 2014 and February 5, 2015 state administrative decisions dismissing Plaintiffs' July 22, 2014 Due Process Complaint. This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

## PARTIES

2.  At all relevant times herein alleged, Plaintiffs have been and continue to be residents of Sterling Heights, Michigan, located in Macomb County within the Eastern District of Michigan.

3.  Plaintiff T.S. is a disabled student as defined by the IDEA, 20 U.S.C. § 1401(3) and registered to attend Jeanette Middle School, which is a public middle school located in the Utica School District.

4.  Plaintiff T.S. is currently a thirteen year old and has been registered to attend the Utica Public Schools since 2004, when he was three years old.  Plaintiff

16599873.11

T.S. has been a resident of the Utica School District for the relevant period of this complaint.

5.     During the relevant time period of this complaint, Plaintiff T.S. eligible disability has been upgraded / changed to autism spectrum disorder ("ASD") and cognitive impairment by an outside evaluator chosen by Defendant UCS, at its expense, and listed on the most recent IEP (2015).

6.     Plaintiff, Gina Sharbowski is the natural mother and parent, as defined by the IDEA, 20 U.S.C. § 1401(23), of Plaintiff, T.S.

7.     Defendant Utica Community Schools ("UCS") is a public school district in Macomb County Michigan with its administrative offices located at 2130 Greendale, Sterling Heights, Michigan 48231.

8.     UCS received state and federal funding and is responsible for setting, implementing and governing the policies of the Utica Public Schools in compliance with state and federal law.

## JURISDICTION

9.     Count I is brought pursuant to 20 U.S.C. §§ 1415(i)(2)(A) and (3)(A) of the IDEA. These sections of the IDEA allow an "aggrieved party" to bring suit for review of administrative decisions in federal court or a state court of competent jurisdiction, without regard to the amount in controversy. 20 U.S.C. §§ 1415(i)(2)(A) and (3)(A).

10. As part of its authority under § 1415(i)(2)(C)(iii), the Court has the power to "award any relief it deems appropriate." 20 U.S.C. § 415(i)(2)(C)(iii).

11. This Court has subject matter over Count I of Plaintiffs' Complaint pursuant to 28 U.S.C. § 1331, as this Count is based on 20 U.S.C. § 1415(i)(2)(A), which permits a party to appeal a decision of a State Agency, which decision was rendered under the provisions of the IDEA, by initiating an original action in United States District Court.

12. Plaintiffs have exhausted all necessary remedies available to them under the IDEA as required by 20 U.S.C. § 1415(i)(2).

13. Count I is brought in a timely manner pursuant to this court's order Opinion and Order dated April 10, 2015.

14. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS AND GENERAL ALLEGATIONS

15. The events that are the basis of this Complaint began in 2004 and have continued through the February 5, 2015 decision and order of Administrative Law Judge Christopher S. Saunders in *In the Matter of Gina Sharbowski o/b/o, T.S.*, No. 14-016758-ED (Mich. Admin. Hearing Sys., Feb. 5, 2015).

16. T.S. was registered with Defendant UCS in 2004 when he was approximately three years old.

17. T.S. was non-verbal until he was approximately 5 ½ years old in approximately 2006. Defendant UCS did not advise Gina Sharbowski of the availability of extended school year ("ESY") services. UCS also did not advise Gina Sharbowski that T.S. was eligible for educational services under the IDEA prior to age 3, or that Gina Sharbowski could have filed a Due Process Complaint in response to UCS's failure to offer services to T.S. prior to age 3. In fact, UCS was using outdated Individualized Education Program ("IEP") forms that contained no reference to the availability of ESY services. Further, school officials never informed her of the availability of ESY.

18. Plaintiff Gina Sharbowski requested that the Defendant UCS place T.S. into another program that does provide ESY services repeatedly, but Defendant UCS ignored that request and never even responded to it. Gina Sharbowksi also sought clarification about how many prior IEP forms had been old and outdated, but Defendant UCS ignored and never responded to that request, too.

19. On July 18, 2011, Plaintiff filed a Complaint in this Court (Civil Action No. 11-cv-13092). In the Complaint (Docket Number 1), Plaintiff complained, inter alia, that Defendant UCS failed to provide ESY services, failed to provide appropriate behavior intervention programs ("BIP"), and failed to provide private education services for T.S., and refused to accept Plaintiff's independent medical diagnosis of T.S. as having ASD.

20. Following a motion for judgment on the pleadings by the Defendants', Magistrate Judge Michelson issued a Report and Recommendation that Plaintiff's case be dismissed without prejudice until she had exhausted her administrative remedies. By order of April 18, 2012, this Court entered its order dismissing the Complaint.

21. On February 12, 2012, Plaintiff Gina Sharbowski filed a Due Process Complaint against the district raising numerous issues, including Defendant's failure to provide ESY services and failure to acknowledge T.S.'s diagnosis with ASD. A closed hearing was conducted.

22. The resulting ALJ decision of July 23, 2012 was generally favorable to Plaintiff. Specifically, the ALJ's findings concluded that the district's representatives were not credible and that "the district had committed numerous procedural and substantive violations." Specifically, the ALJ found that there was "very little change, if any," to T.S's BIP, which "simply regurgitates the same plain which has been ineffective from the on-set;" that the district did not even consider ESY services for student prior to September of 2010; and that the district's failure to act on the ASD diagnosis that was provided in the summer of 2009 constituted a procedural violation. A copy of the July 23, 2012 ALJ decision is attached as Exhibit 1.

6

16599873.11

23. On March 11, 2013, Plaintiff filed a motion to reopen the dismissed case (Docket Number 35). This motion was also referred to Magistrate Judge Michelson.

24. In her September 9, 2013 Report and Recommendations, Magistrate Judge Michelson found, inter alia, that Plaintiff's remedy for her allegations that UCS had not complied with the administrative law judge rulings or that a February 27, 2013 IEP meeting violated IDEA must be exhausted through the state administrative proceedings. Accordingly, following Magistrate Judge Michelson's Report and Recommendation (Docket Number 40), this Court on November 7, 2013 denied Plaintiff's motion to reopen the case (Docket Number 42).

25. On January 17, 2014, Plaintiffs filed this action.

26. Defendants moved to dismiss on the grounds that the claim was time barred pursuant to this Court's order following the September 9, 2013 Report and Recommendations and/or that Plaintiff had failed to exhaust administrative remedies.6

27. On July 22, 2014, Plaintiff filed a Due Process Complaint with the Michigan Department of Education and alleged 11 separate violations of the IDEA:

> 1. School district has not complied with the ALJ's order (dated: 7-23-12) as outlined in parent's correspondence (sent to Harvalee Saunto, due process coordinator) on 1-26-13 and 2-11-13.

7

2. District did not provided ASD certified teacher/support staff for 2013-2014 school year.

3. Parent is unsure how long previous order (mentioned above) is valid and to remain in effect for and requests clarification.

4. Parent was financially unable to file appeal within 90-day time frame of above order and requests instructions or extension of procedure to extend 90-day appeal period (if parent appeals but cannot file USDC case within 90-day period). If none exists parent requests a remedy. If no remedy can be created parent requests a new 90-day appeal period for prior order.

5. District failed to provide parent a copy of the recording of the 2013 IEP meeting as promised. Parent requests a copy of 2013 IEP meeting recording in its entirety.

6. District is continuing to fail to list all of student's needs, create goals, and list the extent of accommodations (being provided) on IEP, as reflected on daily behavior sheets.

7. As a result of past violations listed in past ALJ's order (mentioned above) and current failure to list all of student's needs and create appropriate goals, student's placement is jeopardized and as a result is causing student to have behavior problems at school, that have involved both teachers and his peers (interfering in peer relationships) and will eventually get him expelled. *(Example: most currently was his aide or parapro (uncertified) that attempted to force him to go on the treadmill or threatened that he would be punished. The treadmill usage is not mandatory, the exercise room is only listed on his IEP to be used as a cool down area to go when frustrations build as a result of school work. As a result of the threat of punishment, it added to the frustration and caused student to act out in behavior incident (stuff like this happens frequently and is mis-reported)[)].

8. In retaliation to parent's initial complaint/violation of using old outdated IEP forms to bypass considerations for ESY services (as noted in ALJ's order mentioned above), District has provided extensive counseling to student (with non-ASD school

8

16599873.11

  personnel) to suggest, obtain and collect personal information from student and document in his school records. I've never seen Troy's school file but I would guess it is being listed in a way to use against student and compliment District.

9. At the most current IEP (2014) parent was provided a copy of IEP at the close of the meeting. Approx. one week later a 2nd copy of IEP came without parent's comment sheet. Parent does not have the extra funding to hire a special needs attorney to review the 2 IEPs for changes, parent requests an IEP analysis or comparison by this venue to see if changes were made to the 2nd IEP after the IEP meeting closed, and cite District if changes were made.

10. As noted in #9, District has essentially eliminated parent's ability to add comments on to the IEP form itself, where there used to be at least two areas designated to add parent's comments (on prior IEP forms). Instead the District has created (or obtained) a "Parent Input to IEP" form that came approx. 1 week after 2014 IEP meetings. Said form is noted as being attached, but is not attached, thus eliminating parent's ability to add comments & concerns. Parent requests District to be cited for this violation, and for any previous IEPs that District has done the same.

11. No summer programs available or suitable to meet student's needs.

28. A copy of that Complaint is Exhibit 2.

29. By order of August 27, 2014 ALJ Saunders dismissed allegations contained in all paragraphs except for Paragraph 6 and 11 of the Due Process Complaint on the grounds that there was no jurisdiction over those matters. A copy of that decision and order is attached as Exhibit 3. By order of February 5, 2015, the ALJ denied the remainder of Plaintiff's claims. A copy of that decision and order is Exhibit 4.

9

30. Following oral argument, this court, by its opinion and order dated April 10, 2015, granted the pending motions to dismiss, but stayed this action until May 6, 2015 to give Plaintiffs the opportunity to amend this complaint to appeal ALJ Saunders' August 27, 2014 and February 5, 2015 Decisions and Orders dismissing Plaintiffs' Due Process Complaint.

## CAUSES OF ACTION
## COUNT I: APPEAL OF THE AUGUST 27, 2014 AND FEBRUARY 5, 2015 ALJ ORDERS

31. Plaintiff repeats the allegations of all of the above paragraphs, ¶¶ ___, as if fully set forth herein.

32. Defendants violated the IDEA by disregarding provisions of the Act with regard to T.S.'s education as set forth in the Due Process Complaint filed by Plaintiffs on July 22, 2014.

33. Defendants violated the IDEA as set forth in the Due Process Complaint of July 22, 2014.

34. The August 27, 2014 and the February 5, 2015 ALJ decisions are erroneous as a matter of law. The ALJ committed legal error by dismissing the allegations 1-2 and 5-11 of T.S.'s Due Process Complaint in his August 27, 2014 order (Ex. 3) and in his February 5, 2015 order dismissing the remaining allegations (Ex. 4).

## **RELIEF**

35. WHEREFORE, Plaintiffs request that this Court order injunctive relief, equitable relief and damages for T.S. and Gina Sharbowski, which should include, but not be limited to:

1. A review of the Administrative Hearing Record below and, after such review, a reversal of the ALJ's August 27, 2014 and February 5, 2015 Decisions and Orders to the extent they are inconsistent with the proofs and controlling legal authorities in the areas identified in this Complaint;

2. A declaration that Defendants have violated Plaintiffs' rights as set for herein;

3. Injunctive relief, on a final and preliminary basis, as necessary, to prevent continuing irreparable harm as outlined in this complaint and to enforce the July 23, 2012 ALJ order;

4. In the alternative to injunctive relief, remand of the July 22, 2014 Due Process Complaint to the ALJ with respect to paragraphs 1-2 and 5-11 of the Due Process Complaint;

5. Award Plaintiffs their costs and attorney fees;

6. Such other and further relief as may be appropriate

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiff

By: /s/ James E. Stewart
James E. Stewart (P23254)
Derek W. Kelley (P78499)
130 South First Street, 4th Floor
Ann Arbor, MI 48106
(734) 418-4222
jstewart@honigman.com

11

16599873.11

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of May, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties.

                By:  /s/ James E. Stewart
                     James E. Stewart
                     Attorney for Plaintiff

16599873.11