## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

T. S., *a minor* and GINA
SHARBOWSKI,

        Plaintiff,

v.

UTICA COMMUNITY SCHOOLS,

        Defendants.

Case No. 14-cv-10216

The Honorable Paul D. Borman

## JOINT CASE MANAGEMENT REPORT/DISCOVERY PLAN

The parties, by their undersigned counsel, submit the following Joint

Case Management Report/Discovery Plan:

**1.     Related Cases:**  None.

**2.     Jurisdiction:**  This Court has subject matter jurisdiction over

this matter under 20 U.S.C. §§ 1415(i)(2)(A) and (3)(A

**3.     Factual Summary:**

    **a.  Plaintiff:**

In this case Plaintiff appeals the August 2014 and February 2015

rulings of Administrative Law Judge Saunders.   The following is the

Plaintiff's summary of the facts.

Plaintiff T.S., without proper representation, first brought suit against

Defendant Utica Community Schools on July 18, 2011 by attempting to

describe numerous offenses including: discrimination, IDEA violations, using old outdated IEP Forms (extent of violations unknown at that time), malpractice, failing to properly educate student, et al. Magistrate Judge Michelson dismissed that suit on April 18, 2012 because Plaintiff had failed to exhaust his administrative remedies.

Subsequently, Plaintiff (through his mother, Gina Sharbowski), filed a due process complaint, again without equal representation or knowledge of how do so, with the Michigan Administrative Hearing System on February 12, 2012. ALJ Harris issued her decision on July 23, 2012. The decision was overall favorable to the Plaintiff. Specifically and most notably**,** the ALJ found that there was "very little change, if any" to T.S.'s BIP, which "simply regurgitates the same plan which has been ineffective from the on-set"; the outdated IEP Form Violations; that the district did not even consider ESY services for student prior to September of 2010; and that the district's failure to act on the ASD diagnosis that was provided in the summer of 2009 constituted a procedural violation. Defendants did not dispute the ALJ findings. Plaintiffs, without legal representation, believed the 2 year statute of limitations that was granted over rided the 90 day time frame and as a result did not file the appeal/new case before the deadline. Plaintiff parent was later informed at the following IEP meeting, which was being recorded

2

by the district, by a supervisor that the appeal period was missed (who was likely made aware of that information by UCS' counsel and summoned to raise the questions to Plaintiff). (note: this was the first IEP meeting that the district has ever recorded (possibly 2nd from a couple years earlier)), (recorded = unauthorized deposition).

On March 11, Plaintiffs immediately filed a Motion requesting to Reinstate his previously dismissed complaint in this court explaining the reasons and asking for reconsideration. Plaintiffs continued to be unrepresented, and continued to file things incorrectly without equal legal representation. Part of Plaintiff's Motion was that Utica Community Schools had not complied with the July 2012 ALJ decision. Utica Community Schools took the position that Plaintiff had failed to exhaust his administrative remedies. Magistrate Michelson issued a report and recommendation dismissing the action on September 9, 2013, and this Court denied Plaintiff's motion to reopen that case on November 7, 2013.

Plaintiffs filed this action on January 17, 2014. Utica Community Schools argued that the claim was barred because T.S. had failed to exhaust his administrative remedies and was otherwise time barred. Plaintiffs filed this case jointly and severely, as the first case was filed, and Defendants again successfully used the argument of "failing to exhaust administrative

remedies" as a delay tactic to redirect or exclude Parents claims to continue and it was only after ALJ Harris order was issued that revealed early on violations that were unknown to parent, prior to that order. Plaintiffs admit and that their action may not have been clearly written (without equal or experienced legal representation), but also sought the courts help in compelling the Defendant to produce the reasons/explanations as to why each  of the violations and findings cited in ALJ Harris' Order were committed. That part of the complaint/request does not need exhaustion of administrative remedies and are not time barred. Yet it is only with this case, that the Defendant can be compelled to provide the answers. When those explanations and disclosures are provided, it will likely produce an amendment to Plaintiff's complaint. If those explanations are refused, then the repeated violations over many years should be deemed discrimination.

While this case was pending, Plaintiff exhausted his administrative remedies. Plaintiff, again through his mother, without equal legal representation, filed a second due process complaint with the Michigan Administrative Hearing System on July 22, 2014. The due process complaint contained eleven paragraphs, each alleging separate violations of IDEA that Utica Community Schools had committed. The ALJ dismissed paragraphs 1-

5 and 7-10 for lack of jurisdiction on August 27, 2014. The ALJ dismissed paragraphs 6 and 11 on February 5, 2014.

Plaintiff filed an amended complaint with this court on May 5, 2015, appealing the ALJ's August and February decisions. Plaintiffs are currently represented, (which Plaintiff's truly appreciate that your honor helped us in that regard, and we are genuinely grateful for Mr. Stewart and Mr. Kelley for all of their assistance thus far), however, we are still not EQUALLY represented  by an attorney who is as knowledgeable in the field of special education, or equivalent to the extent of Defendants counsel, and that makes this case (and the previous case) lopsided and continues to put us at a disadvantage, as there are limited special education attorneys in this field to begin with. Less than a dozen are listed for the southern half of Michigan from the list provided by the advocacy office in Lansing. (Nor for the record would it have ever of been in our budget to have been able to hire one for the duration of these two cases up until now). As a result of this litigation, Troy's disability has now been reevaluated this past school year (after our facilitation meetings) and has been changed by the district from the Mild C.I. disability to: ASD and Moderate C.I. (MO C.I.) disabilities. Troy has been unfairly cited for numerous behavior incidents related to the re-evaluation and assessment process, and has now been relocated to a county

program for MO C.I. students. It is not a ASD certified program, and I have been told that an ASD program for Troy is not available and does not exist for his age/ability. The new teacher at his new placement was present at our most recent IEP (2nd one this year/it was held two weeks before school was out for summer) and indicated at the meeting that the students in the class do not produce school work at Troy's level and are academically lower functioning than what Troy is currently at. So it is unknown yet if the new placement will work in that area, or can meet his academic needs.

What that does show is that district has noticed and this case has inspired them to make some changes. We are asking the court to also notice and take everything into consideration. The Plaintiff's inability to draft a proper complaint or understand the procedural errors that Defendants counsel continues to raise (to redirect us in a different direction), since the first case (in 2011) does not eliminate the violations that have been committed. Nor does it raise the damage from those violations. The violations still occurred and went on for many years, which victimized Troy for many years, dating back to enrollment. We all know the difference between right and wrong, good and bad, moral and without moral, we know that any type of violations that are committed outside of what is right and outside of what should be provided (the standards), are wrong. The

Defendants have intentionally redirected this court away from that. Plaintiffs case must now shift to clarify right from wrong, to try and make something positive from the Defendants errors, so that it brings justice to those affected and to hopefully ensure it does not happen to future disabled children again at this district. Plaintiff filed this case originally (2011) to bring to light what has went on, to reveal what went on, to reveal why it went on, and to address it with a ruling to remedy the problems that are occurring in our school district, not to create an ongoing war on what we failed to say or cite when trying to file this case. Plaintiffs have good intentions and are asking the court to help do the right thing. The Defendants counsel's attempts to defend their client is only creating an intentional delay instead of actually allowing the case to continue to address the issues. The Defendants actions of intentionally causing lengthy delays is continued retaliation, and has caused intentional stress (for Plaintiffs to try and understand the complex technicalities of their redirection and delay tactics) and has interfered with Plaintiffs work and limited income. Over the past 4+years I have been stressing about documents that have to be filed in response to Defendant's objections and requests just to try and keep the case alive. That takes much longer for me, I don't understand most of the procedure outside of service of process and have to find examples, then make revision after revision to make

it sound ok, it literally takes days to complete one document. That keeps me from focusing on my job, and with my line of work I really have to stay alert and focused on my surroundings so I can do a good job while out serving papers and do so without getting robbed or killed while in the bad areas. To date, I am proud to say I have never had a serve thrown out. In 25yrs. Worst of all these intentional delays have taken away from family time, even now with an attorney contributing and collaborating it still takes for days me to contribute. Not complaining, just hoping all of that will be taken into consideration and we can get to the meat of WHY each of the previous violations cited in the order occurred.

  **b. <u>Defendant's Defenses and Counterclaims</u>**:

   Defendant asserts that the previous decision of ALJ Harris is not relevant to the issue at hand in this matter.  Similarly, the facts alleged in the previous case filed by Plaintiffs and in Plaintiffs' original Complaint in this matter are not relevant to the issue before this Court.  This is clear through this Court's Order on Defendants' Motion to Dismiss [Doc. No. 36] and Plaintiffs' Amended Complaint [Doc No. 37].  Specifically, those issues have been dismissed as being time-barred or barred for the failure to exhaust administrative remedies.

Accordingly, all that is relevant before this Court at this time are the matters that have not been time-barred and for which Plaintiffs have exhausted their administrative remedies.  This means that the only issue before this Court is one of appellate review of ALJ Saunders' decisions issued on August 27, 2014 and February 5, 2015 in the most recent state due process complaint filed by Plaintiffs.  As a result, Defendant asserts that the record before the ALJ and the decisions of the ALJ are the only relevant facts before this Court.

4.     **Legal Issues:**  The following are the legal issues genuinely in dispute:

a. **Plaintiff**

   i.  The ALJ erred as a matter of law dismissing paragraphs 1-5 and 7-10 for lack of jurisdiction.

   ii. The ALJ committed legal error finding that Plaintiff had not met his burden to establish paragraphs 6 and 11 of his due process complaint where Utica Community Schools provided no rebuttal evidence and the record was not developed fully.

While Plaintiff realizes that paragraphs i. and ii. above are the issues identified in the courts prior order and therefore in Plaintiff's Amended

Complaint, Plaintiff wishes to identify the following as potential issues that may be pursued depending upon the court's decision on issues i. and ii.

iii. To compel Defendants to produce answers and explanations as to why each of the violations cited in ALJ Harris' findings were committed if they are not voluntarily provided.

iv. Whether the violations revealed by ALJ Harris' Order which were not only committed during the two year time frame that the Michigan Administrative Hearing System reviewed, but also over many years prior (since enrollment) constitute discrimination against Plaintiffs.

v. Whether the violations revealed by ALJ Harris' Order and prior (since enrollment) constitute discrimination and whether a 90 day time limit is too immaterial of a defect to void the claims.

vi. Whether the violations revealed by ALJ Harris' Order and prior (since enrollment) caused Plaintiff to be deprived of access to educational benefits or opportunities.

vii. Whether Defendant's numerous violations over many years, and Defendant's counsel's delay tactics to interfere in Plaintiff's claims as jointly and severally constitute deliberate indifference.

viii. Whether Plaintiff's are entitled to equal representation (paid for by district) (equal to their counsel's hourly rate) as a result of the violations reveled by ALH Harris' Order and prior years by Utica Community Schools and Defendants counsel's delay tactics

### b. **Defendant**

Defendant asserts that numbers i and ii set forth above by Plaintiffs are the only relevant legal issues in dispute and currently pending before this Court. All other issues are time-barred, not relevant, do not state a claim upon which relief can be granted, or relate to issues for which administrative remedies have not been exhausted.

### 5. **Amendment of Pleadings:**

### a. **Plaintiff**

Plaintiff does not seek amendment at this time but respectfully reserves the right to amend if necessary as the case proceeds.

### b. **Defendant's Claims**

Defendant has no intent to seek any amendments to the pleadings in this matter.

### 6. **Discovery:**

### a. **Plaintiff**

Plaintiff believes that discovery is necessary as to the resolution of the appeal of ALJ Saunders decision as follows:

- Because Plaintiff's claims as to the Defendant's failure to implement ALJ Harris' ruling were a major aspect of her due process complaint before ALJ Saunders now on appeal Plaintiff will seek discovery as to why each of the violations and findings cited in ALJ Harris' Order were committed.

- Also, to support the appeal of ALJ Saunders rulings, Plaintiff will request production of a copy of all remaining student records that are in students file since enrollment that have not been destroyed (as the district disclosed during the facilitation meetings that most early records have been destroyed), including notes or records from any teacher, social worker, psychologist, or counselor, that Troy has had as well as any records or notations which may not typically be available to a

parent for viewing. These records which were not available to parent for the due process hearing before ALJ Saunders may demonstrate evidence in support of Plaintiff's appeal of ALJ Saunders rulings. If Defendant asserts that the records do not exist, Plaintiff will pursue discovery as to identification of what was destroyed and the date each item was destroyed.

Plaintiff believes this discovery can be conducted within six months and respectfully reserves the right to conduct further discovery depending on what is produced in the above discovery.

      b. **Defendant**

Defendant asserts that no discovery is needed in this matter. In regard to Plaintiffs' claims dismissed by ALJ Saunders prior to hearing, that dismissal was done as a matter of law. Thus, no factual development is necessary to determine whether the ALJ's decision was legally sound. As to the other claims before the ALJ, Plaintiff had the opportunity to seek and present evidence in that hearing. The ALJ's decision was based on the law and the evidence presented in the hearing. Accordingly, in determining the validity of the ALJ's decision, the only facts necessary are the record developed by the ALJ – including the exhibits presented at hearing.

As to Plaintiffs additional claims beyond the state due process hearing, Defendant again asserts that those matters are not properly before this Court. As such, no discovery is necessary as no factual development is necessary.

**7.    Electronic Discovery:**

   **a. <u>Plaintiff</u>**

   See #6 Discovery

   **b. <u>Defendant</u>**

   Again, Defendant asserts no discovery is necessary.

**8.    Settlement:**

   **a.        <u>Plaintiff</u>**

Plaintiff is amendable to settlement discussions. To date such discussions have not been fruitful.

   **b. <u>Defendant</u>**

Defendant has made numerous attempts to settle this matter over the last several years, but such attempts have not resulted in an agreeable settlement.

**9.    Consent:**

   **a. <u>Plaintiff</u>**

Plaintiffs consent to the jurisdiction of a U.S. Magistrate Judge in the event that this court wishes to refer this case to a Magistrate Judge, but would prefer that the judge who is most familiar with the case to date, preside.

**b**. **Defendant**

Defendants consent to the jurisdiction of a U.S. Magistrate Judge.

**10. Trial:**

**a. Plaintiff**

Trial is not necessary as to the appeal of ALJ Saunders decisions listed at paragraph 4 a i and ii.

**b. Defendant**

Defendants concur that this matter is an appeal on a matter of law and as a result trial is unnecessary.

**11. Motions:**

**a. Plaintiff**

Plaintiff believes that following initial discovery listed above the appeal of ALJ Saunders decision may be resolved by Motion.

**b. Defendant**

Defendant concurs that this matter should be able to be concluded by motion and legal briefing.

Dated:  July 31, 2015                    RESPECTFULLY SUBMITTED


HONIGMAN MILLER SCHWARTZ AND        LUSK & ALBERTSON PLLC
COHN LLP                            Attorneys for Defendant
Attorneys for Plaintiff             Utica Community Schools

/s/            James            E.  /s/ Robert T. Schindler_____
Stewart_____              Kevin T. Sutton (P65364)
James E. Stewart (P23254)           Robert T. Schindler (P70925)
Derek W. Kelley (P78499)            40950 Woodward Ave., Ste. 350
130 South First Street, 4th Floor   Bloomfield Hills, MI 48304
Ann Arbor, MI 48106                 (248) 988-5696
(734) 418-4222                      RSchindler@LuskAlbertson.com
jstewart@honigman.com